# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Raleigh County Board of Education, Petitioner Below,**
**Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1539** (Kanawha County 11-AA-144)

**Sandra Dee Moye, Respondent Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Raleigh County Board of Education, by counsel Gregory W. Bailey, Howard E. Seufer, Jr., and Michael M. Cary, appeals the order of the Circuit Court of Kanawha County, entered November 30, 2012, affirming the decision of the West Virginia Public Employees Grievance Board. Respondent Sandra Dee Moye appears by counsel John Everett Roush.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent filed a grievance against petitioner employer in May of 2010 seeking reclassification to add "accounts payable supervisor" to her existing classification, Secretary III/Accountant III/Switchboard Operator-Receptionist, and requesting a 261-day contract of employment. Her Level I grievance was denied, and her Level 2 mediation was unsuccessful. Respondent proceeded to a Level III hearing, at the conclusion of which the administrative law judge granted the grievance and ordered petitioner to include the "accounts payable supervisor" classification in respondent's title and change her contract term from a 240-day contract to a 261-day contract.

Petitioner then filed a petition for appeal with the Kanawha County Circuit Court in December of 2011. The circuit court adopted all findings of fact and conclusions of law of the administrative law judge. It is from that order that petitioner appeals.

"When reviewing the appeal of a public employees' grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. Pt. 1, *Martin v. Barbour County Bd. Of Educ.*, 228 W.Va. 238, 239, 719 S.E.2d 406, 407 (2011). We recently reiterated:

The standard of review for Grievance Board determinations has been

1

explained as follows in syllabus point one of *Cahill v. Mercer County Board of Education,* 208 W.Va. 177, 539 S.E.2d 437 (2000)[*accord* Syl. Pt. 2, *Martin*, 238 W.Va. at 239, 719 S.E.2d at 407]:

> Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

*See also Martin v. Randolph County Bd. of Educ.*, 195 W.Va. 297, 304, 465 S.E.2d 399, 406 (1995) (holding that "[w]e must uphold any of the ALJ's factual findings that are supported by substantial evidence, and we owe substantial deference to inferences drawn from these facts"). In syllabus point one of *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989), this Court explained: "A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va. Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong."

*Patterson v. Board of Educ. of County of Raleigh,* 231 W.Va. 129, _ _ _, 744 S.E.2d 239, 241-42 (2013) (quoting *Durig v. Board of Educ. of County of Wetzel*, 215 W.Va. 244, 247, 599 S.E.2d 667, 670 (2004)).

Respondent applied for the position of Accountant III/Secretary III in August of 2008, and was hired with a 240-day term contract of employment.[1] She replaced Joey McDaniels who had a multi-classification title that included "accounts payable supervisor"; Mr. McDaniels' predecessor, Gloria Freeman, also had that classification.[2] Immediately prior to respondent's taking the Accountant III/Secretary III position, Brenda Toney held an "accounts payable supervisor" designation simultaneously with Mr. McDaniels.[3] Prior to that, Ms. Toney had been

---

[1]Employees working under 261-day contracts of employment receive paid vacation days while employees under 240-day contracts do not receive the same paid leave. Employees under 261-day contracts do not work more days.

[2]Ms. Freeman had a 261-day contract term. The term of Mr. McDaniels' contract is not clear from the record.

[3]Ms. Toney had a 240-day contract term, but at the time of the hearing in this matter, had a pending grievance to address her contract term. Ms. Toney has since moved on to another position. It appears that Ms. Freeman may have retired the day before Ms. Toney filed her grievance.

simultaneously classified as "accounts payable supervisor" along with Ms. Freeman.

The administrative law judge found that respondent performed essentially the same duties as her predecessor, Mr. McDaniels, as well as his predecessor, Ms. Freeman.[4] Respondent testified that Larry Jessup, Director of Accounting, told her that after one year of service, she would be given the title "accounts payable supervisor." Respondent's duties did not change during her tenure. Mr. Jessup recommended in April of 2009 that respondent be given the "accounts payable supervisor" title, but she was not reclassified.

The administrative law judge found that respondent performed the same duties as Ms. Freeman, who was working at the same time as Ms. Toney. He found that Ms. Toney was a valid comparison employee, and that because petitioner had no viable justification for denying Ms. Toney a 261-day contract, respondent should be placed on a 261-day contract term and given the classification title "accounts payable supervisor."

On appeal, petitioner argues first that respondent was inappropriately compared to Ms. Toney because, unlike respondent, Ms. Toney was classified as a computer operator.[5] Under separate heading, petitioner argues that the administrative law judge incorrectly determined that respondent performed substantially the same duties as Ms. Toney. In an attempt to distinguish the responsibilities of the two employees, petitioner argues that one of Ms. Toney's supervisory duties—the review of all check registers and invoices exceeding $10,000—was transferred to Michael Click, who assumed the position of Director of Accounting in June of 2009, and that Mr. Click had expressed his intent to post the position vacated by Ms. Toney without the "accounts payable supervisor" classification. However, petitioner does not refute the specific finding of the administrative law judge that Mr. Click did not change respondent's position. Petitioner has presented no evidence to show that respondent's duties differed from Ms. Toney's, and we will not disturb the findings of the administrative law judge on either of these grounds.

Next, petitioner argues that West Virginia Code § 18A-4-8(i)(7) does not contemplate that multiple employees be given "primary" responsibility for its accounts payable function. That statute provides:

> "Accounts payable supervisor" means a person employed in the county board office who has primary responsibility for the accounts payable function and who either has completed twelve college hours of accounting courses from an accredited institution of higher education or has at least eight years of experience performing progressively difficult accounting tasks. Responsibilities of this class title may include supervision of other personnel.

---

[4]He also noted that there was no question, based on a prior Grievance Board decision and its treatment on appeal by the Circuit Court of Raleigh County, that Ms. Toney and Ms. Freeman performed "like assignments and duties."

[5]Petitioner did not identify particular assignments of error as required by Rule 10(c)(3) of the Rules of Appellate Procedure.

3

Petitioner's argument seems disingenuous in light of petitioner's history of simultaneously employing multiple people in the accounts payable classification, as the administrative law judge determined at the Level Three hearing. In any event, the statutory language does not convey the limitation that petitioner suggests. We agree with the administrative law judge that "[r]ather . . . than assuming that it implies that one person is in charge of these functions, it could as easily mean that the employee's most important job responsibilities relate to the accounts payable function." Petitioner also argues that there was insufficient evidence to support the administrative law judge's finding that petitioner required more than one accounts payable supervisor. However, inasmuch as the record shows that respondent employed multiple individuals simultaneously holding that title designation, and petitioner has not shown any evidence that contradicts the administrative law judge's finding that those individuals were performing the same job functions, we find no merit in this argument.

Finally, petitioner argues that the administrative law judge's determination that respondent was entitled to a 261-day contract was "erroneously based upon a comparison to the contract term of an employee who was employed prior to the effective date of the statutory uniformity requirement."[6] We note that petitioner does not specify to which comparison employee it refers, and offers no basis in the appendix record for this factual assertion. In fact, respondent disputes that Ms. Toney was hired prior to 1984, and petitioner offers no evidence of the date of hire of any other employee discussed herein. As petitioner has failed to provide a basis, we reject this argument.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman

---

[6]West Virginia Code § 18A-4-5b states in pertinent part:

[C]ounty [salary] schedules shall be uniform throughout the county with regard to any training classification, experience, years of employment, responsibility, duties, pupil participation, pupil enrollment, size of buildings, operation of equipment or other requirements. Further, uniformity shall apply to all salaries, rates of pay, benefits, increments or compensation for all persons regularly employed and performing like assignments and duties within the county. . . .

4